IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JAMES VOISIN, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 07-54-L |
| | ) | |
| v. | ) | Judge Lynn J. Bush |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS**
**AND MEMORANDUM IN SUPPORT THEREOF**

RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division

HELENANNE LISTERMAN
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
TEL (202) 305-0239
FAX (202) 305-0506
E-MAIL HelenAnne.Listerman@usdoj.gov

Dated: June 11, 2007

## TABLE OF CONTENTS

MOTION . . . . . . . . . . 1

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . 2

I. INTRODUCTION . . . . . . . . . . 2

II. BACKGROUND . . . . . . . . . . 2

III. ARGUMENT . . . . . . . . . . 5

A. Legal Standard . . . . . . . . . . 5

B. Jurisdiction . . . . . . . . . . 7

C. Plaintiffs' Takings Claim is Time-Barred . . . . . . . . . . 7

1. Plaintiffs' Takings Claim Accrued No Later Than 1847 . . . . . . . . . . 9

2. Plaintiffs' Recent Inquiries Cannot Revive Their Time-Barred Claims . . . . . . . . . . 10

D. The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims for Declaratory Judgment . . . . . . . . . . 11

IV. CONCLUSION . . . . . . . . . . 12

## TABLE OF AUTHORITIES

**CASES**

Alder Terrace, Inc. v. United States,
161 F.3d 1372 (Fed. Cir. 1998) . . . . . . . . . . 6

Alliance of Descendants of Texas Land Grants v. United States,
27 Fed. Cl. 837 (1993) . . . . . . . . . . 8

Barney v. United States,
57 Fed. Cl. 76 (2003) . . . . . . . . . . 11

Catellus Dev. Corp. v. United States,
31 Fed. Cl. 399 (1994) . . . . . . . . . . 8

Entines v. United States,
39 Fed. Cl. 673 (1997) . . . . . . . . . . 6-8

Fallini v. United States,
56 F.3d 1378 (Fed. Cir. 1995) . . . . . . . . . . 8

Fanning, Phillips, Molnar v. West,
160 F.3d 717 (Fed. Cir. 1998) . . . . . . . . . . 5

Figueroa v. United States,
57 Fed. Cl. 488 (2003) . . . . . . . . . . 5

Goodrich v. United States,
434 F.3d 1329 (Fed. Cir. 2006) . . . . . . . . . . 8, 9

Hart v. United States,
910 F.2d 815 (Fed. Cir. 1990) . . . . . . . . . . 8

Hopland Band of Pomo Indians v. United States,
855 F.2d 1573 (Fed. Cir. 1988) . . . . . . . . . . 7

Huntleigh USA Corp. v. United States,
63 Fed. Cl. 440 (2005) . . . . . . . . . . 6

Lingle v. Chevron U.S.A., Inc.,
544 U.S. 528 (2005) . . . . . . . . . . 1

Nat'l Air Traffic Controllers Ass'n v. United States,
160 F.3d 714 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Pixton v. B & B Plastics, Inc.,
291 F.3d 1324 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Roth v. United States,
73 Fed. Cl. 144 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Sommers Oil Co. v. United States,
241 F.3d 1375 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Stephenson v. United States,
58 Fed. Cl. 186 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Tchakarski v. United States,
69 Fed. Cl. 218 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Truckee-Carson Irrigation Dist. v. United States,
14 Cl. Ct. 361 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Gen. Motors Corp.,
323 U.S. 373 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**CONSTITUTIONS**

U.S. Const. amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATUTES**

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
28 U.S.C. § 1346 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
28 U.S.C. § 1491(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim
28 U.S.C. § 2501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 1, 7, 10, 12
28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**RULES**

RCFC 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## MOTION

Defendant, the United States of America, respectfully moves the Court to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction under Rules 12(b)(1) and 12(h)(3) of the Court of Federal Claims ("RCFC"). In the alternative, Defendant respectfully requests that the matter be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs' takings claim accrued more than six years prior to the filing of the complaint; thus, the takings claim is barred by the applicable statute of limitations, 28 U.S.C. § 2501. Additionally, Plaintiffs' declaratory judgment claim is not properly before this Court. Accordingly, the Court must dismiss the complaint in its entirety. A memorandum in support of this motion is attached hereto.

**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

The Fifth Amendment provides, "[N]or shall private property be taken for public use without just compensation." U.S. Const. amend. V. Private property rights, within the meaning of the Fifth Amendment, refers to the bundle or group of rights "inhering in the citizen's relation to the physical thing, as the right to possess, use and dispose of it." United States v. Gen. Motors Corp., 323 U.S. 373, 377-78 (1945). The right to exclude others – including the Government – is "perhaps the most fundamental of all property rights." Lingle v. Chevron U.S.A., Inc., 544 U.S. 528, 539 (2005).

In this case, Plaintiffs allege that their predecessor-in-interest acquired property rights in Last Island, which is located off the coast of present-day Louisiana, on or about October 20, 1788. Compl. ¶¶ 1, 13-14. Although Defendant questions whether Plaintiffs' predecessor-in-interest acquired any compensable property rights to Last Island on October 20, 1788, that title dispute need not be reached or resolved in order for the Court to determine whether Plaintiffs' takings claim is time-barred by the applicable six-year statute of limitations, 28 U.S.C. § 2501; see Roth v. United States, 73 Fed. Cl. 144, 146 n.2 (2006) (assuming, for the purposes of determining whether a plaintiff's takings claims were time-barred, that the plaintiff had an ownership interest in the property allegedly taken).

Based on the alleged facts in the complaint, Plaintiffs' takings claim accrued no later than 1847. That claim is therefore time-barred by over 150 years. Additionally, Plaintiffs' declaratory judgment claim, in which Plaintiffs ask the Court to find that any acts "conveying, granting, or transferring title or patents to [Last Island] . . . to anyone other than Jean Voisin or

his descendants are null and void" and that "the direct descendants of Jean Voisin are entitled to exclusive possession" of Last Island, falls outside the purview of this Court's jurisdiction. Compl. ¶ 79. Thus, Defendant's motion to dismiss Plaintiffs' claims for lack of jurisdiction, or in the alternative for failure to state a claim, should be granted.

## II. BACKGROUND

The following facts are derived from Plaintiffs' Amended and Transferred Class Action Complaint and are not disputed for purposes of this motion only.

On or about October 20, 1788, the Governor of the Spanish Province of Louisiana, Don Estevan Miro, granted an "Order of Survey" for an island off the coast of Louisiana, then known as l'Isle Longue ("Long Island") but later known as Isle Derniere ("Last Island"), to Jean Voisin.[1] Compl. ¶¶ 1, 13-14. The "Order of Survey" granted Mr. Voisin "the exclusive right" to Last Island. Compl. ¶ 1. On or about October 1, 1800, Spain surrendered "the colony and province of Louisiana" to France under the Treaty of San Ildefonso. Compl. ¶ 16 (internal quotations omitted). France then sold Louisiana to the United States on April 30, 1803. Compl. ¶ 17. Mr. Voisin lived and worked on Last Island until his death on August 10, 1820. Compl. ¶¶ 1, 15, 28.

On July 4, 1832, Congress passed "An Act for the final adjustment of the claims to lands in the south-central land district of the State of Louisiana," which allowed persons claiming "unconfirmed" titles to certain lands in Louisiana to "present their claims within a specified time period together with the written evidence and other testimony in support of the same, to the Register and Receiver of the federal land office at New Orleans." Compl. ¶ 29 (internal

---

[1]For purposes of this motion, the island in question will be referred to as "Last Island."

quotations omitted). In July 1833, Mr. Voisin's son, Jean Joseph Voisin,[2] "formally submitted his family's claim [to Last Island] to the Register and Receiver in New Orleans with the necessary evidence . . . ." Compl. ¶ 31. Although the Register and Receiver initially determined that Jean Joseph Voisin's title to Last Island was "incomplete," Compl. ¶ 32, Congress adopted a "supplementary" act on March 3, 1835 that confirmed Jean Joseph Voisin's claim to the island against any claim of the United States. Compl. ¶¶ 35-36.

In or about February 1838, Gilmore F. Connely surveyed part of southern Louisiana, which included the area around Last Island, at the request of the United States. Compl. ¶ 37. "This survey[, however,] failed to mention or refer to the Congressional confirmation of [Last Island] to Jean Joseph Voisin on March 3, 1835." Compl. ¶ 37. Despite this, on December 8, 1842, the Surveyor General of Louisiana approved Mr. Connely's survey. Compl. ¶ 37.

Beginning in 1847, "the United States Land Office in New Orleans began issuing patents for various lots of land on [Last Island] . . . to persons who desired to have a summer residence on the coast of the Gulf of Mexico, despite Congress's confirmation of the Voisin's claim to [Last Island]." Compl. ¶ 38. As a result, the alleged patent holders began building homes and a resort on the island. Compl. ¶ 38. On March 2, 1849, Congress passed the Swamp Lands Grant Act, "which was intended 'to aid the State of Louisiana in draining the Swamp Lands therein.'" Compl. ¶ 54 (quoting 9 Stat. 352). Although this act purportedly did not extinguish Jean Joseph Voisin's right to Last Island, Compl. ¶ 54, "the State of Louisiana began taking over control of the majority of Last Island pursuant to the Swamp Lands Grant Act, and then sold or donated portions of the island to various individuals" in the 1850s. Compl. ¶ 56; see also Compl. ¶ 1.

---

[2]Jean Joseph Voisin lived on Last Island until his death in 1874. Compl. ¶ 28.

As a result of these actions, Jean Joseph Voisin "inquired with the General Land Office in order to challenge the validity of these patents being issued."[3] Compl. ¶ 39. From 1850 to 1852, the General Land Office corresponded with the Louisiana Surveyor General and the Register for the General Land Office in New Orleans about Jean Joseph Voisin's inquiries. Compl. ¶¶ 39-43. Because the General Land Office did not immediately render a decision about the validity of the patents, Jean Joseph Voisin, through his attorney, sent letters to the General Land Office from 1852 through 1853. Compl. ¶ 43.

On October 10, 1853, the Commissioner of the General Land Office "directed the Register and Receiver in New Orleans to take testimony and make a final examination of the matter [involving Jean Joseph Voisin and the patent holders] after due notice to all parties interested, and to report the result for definitive action of this office." Compl. ¶ 44 (internal quotations omitted). The Register and Receiver in New Orleans deposed four witnesses in January and February 1854. Compl. ¶ 45. It does not appear that the General Land Office ever rendered a final decision in the matter. Compl. ¶ 51.

On September 12, 1854, James N. Wafford filed a civil action in Louisiana state court against Jean Joseph Voisin seeking to resolve title issues relating to Last Island. Compl. ¶ 50. Jean Joseph Voisin countersued Mr. Wafford and filed actions against other patent holders who claimed title to parts of Last Island. Compl. ¶ 50. The litigation progressed for nearly two years, until August 10, 1856, when a hurricane hit Last Island and parts of Louisiana, causing devastation and death. Compl. ¶ 52. Approximately 140 people who were staying on Last

---

[3] The General Land Office is a predecessor agency to the present Bureau of Land Management. <u>See</u> Bureau of Land Management Home Page, http://www.blm.gov/wo/st/en.2.html (follow "Information" hyperlink; then follow "About BLM" hyperlink) (last visited on June 7, 2007).

Island were killed, and "[a]ll buildings on the island were destroyed and parts of the island itself were washed away from the winds and water." Compl. ¶ 52.

In the aftermath of the hurricane, the lawsuits involving title to Last Island "did not proceed any further, resulting in no judgments either for or against the Voisin family." Compl. ¶ 53. "Many of the alleged patent holders and plaintiffs in the lawsuits, as well as Jean Joseph Voisin's wife Jeanne Amelie Clause and daughter Marie Amelie, died in the hurricane." Compl. ¶ 52.

It was not again until "the late 1980's [that] various members of the Voisin family . . . inquired unsuccessfully into the validity of their family's title claim to Last Island, Louisiana." Compl. ¶ 57; see generally Compl. ¶¶ 57-65 (describing the Voisin family's contact with the Bureau of Land Management and Congressional members concerning its alleged property interest in Last Island).

## III. ARGUMENT

### A. Legal Standard

Subject matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*. Fanning, Phillips, Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "the court must accept as true the complaint's undisputed factual allegations and construe the facts in the light most favorable to plaintiff." Figueroa v. United States, 57 Fed. Cl. 488, 492 (2003) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); accord Pixton v. B & B Plastics, Inc., 291 F.3d 1324, 1326 (Fed. Cir. 2002) (citing Scheuer, 416 U.S. at 236).

The plaintiff bears the burden of establishing subject matter jurisdiction, which must be done by a preponderance of the evidence. Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)); Entines v. United States, 39 Fed. Cl. 673, 678 (1997) ("Plaintiff bears the burden of establishing all jurisdictional requirements, including compliance with the six-year statute of limitations, and must do so by a preponderance of the evidence.").

In this case, Plaintiffs assert a takings claim and a claim for declaratory relief. As explained below, the Court lacks jurisdiction over the takings claim because of Plaintiffs' failure to bring that claim within the applicable six-year statute of limitations. In addition, Plaintiffs' declaratory judgment falls outside the purview of this Court's limited jurisdiction. Where, as here, the Court lacks jurisdiction over subject matter of the complaint, the correct remedy is dismissal of the action. See Truckee-Carson Irrigation Dist. v. United States, 14 Cl. Ct. 361, 368 (1988) ("[U]nder [Court of Federal Claims] Rule 12(h)(3), this court is mandated to. . . dismiss the action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter. . . .'") (alteration in original). Accordingly, the Court should dismiss the complaint in its entirety pursuant to Rule 12(b)(1).[4]

---

[4]In the alternative, Defendant moves the Court to dismiss the takings claim as time-barred because Plaintiffs have failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the RCFC. "The Court of Federal Claims may grant a motion to dismiss for failure to state a claim upon which relief may be granted where the plaintiff can prove no set of facts that would support its claim." N.Y. Life Ins. Co. v. United States, 190 F.3d 1372, 1377-78 (Fed. Cir. 1999). Dismissal is proper under Rule 12(b)(6) when "the facts as alleged in the complaint do not entitle the plaintiff to a legal remedy." Holland v. United States, 59 Fed. Cl. 735, 738 (2004) (citing N.Y. Life Ins. Co., 190 F.3d at 1377). When reviewing a motion to dismiss under Rule 12(b)(6), the court "must accept as true all the factual allegations in the complaint, and [the court] must indulge all reasonable inferences in favor of the non-movant." Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (citations omitted); see also Huntleigh USA Corp. v. United States, 63 Fed. Cl. 440, 443 (2005) ("When considering a motion to dismiss a

**B. Jurisdiction**

Plaintiffs allege that the Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1346. Compl. ¶ 4. Defendant disagrees. None of the statutes cited by Plaintiffs grant this Court subject matter jurisdiction over takings claims or claims seeking declaratory relief. Although this Court does have subject matter jurisdiction over takings claims under the Tucker Act, 28 U.S.C. § 1491(a)(1), it cannot exercise that jurisdiction unless the claim is filed within the applicable six-year statute of limitations period. As set forth below, Plaintiffs' failure to bring their takings claim in a timely matter precludes this Court from hearing that claim.

**C. Plaintiffs' Takings Claim is Time-Barred**

As prescribed by 28 U.S.C. § 2501, a six-year statute of limitations applies to actions brought under the Tucker Act, 28 U.S.C. § 1491(a)(1). That statute provides: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon if filed within six years after such claim first accrues." 28 U.S.C. § 2501.

The six-year statute of limitations "is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed." Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988); see also Entines, 39 Fed. Cl. at 678 ("The Tucker Act's statute of limitations is a jurisdictional requirement, and as an express condition on the government's waiver of sovereign

---

claim under RCFC 12(b)(6), a court must accept as true all well-pled factual allegations and draw all reasonable inferences in plaintiff's favor.") (citations omitted). Because the takings claim accrued more than six years before the filing of the complaint, Plaintiffs have failed to state a claim upon which relief can be granted. Thus, Plaintiffs' takings claim must be dismissed.

immunity, must be strictly construed.") (citing Hart v. United States, 910 F.2d 815, 818-19 (Fed. Cir. 1990)). Accordingly, "[a] litigant's failure to comply with the statute of limitations will 'place[ ] the claim beyond the court's power to hear and decide.'" Entines, 39 Fed. Cl. at 678 (quoting Catellus Dev. Corp. v. United States, 31 Fed. Cl. 399, 404 (1994) (citing Soriano v. United States, 352 U.S. 270, 273 (1957)).

"As a general matter, a cause of action accrues when all the events have occurred that fix the defendant's alleged liability and entitle the plaintiff to institute an action." Fallini v. United States, 56 F.3d 1378, 1380 (Fed. Cir. 1995) (citing Alliance of Descendants of Texas Land Grants v. United States, 37 F.3d 1478, 1481 (Fed. Cir. 1994)). Simply put, whether analyzed under Rule 12(b)(1) or Rule 12(b)(6), a takings claim accrues "on the date that the United States takes a private property interest for a public use without just compensation." Entines, 39 Fed. Cl. at 679; see also Alliance of Descendants of Texas Land Grants v. United States, 27 Fed. Cl. 837, 842 (1993) ("It is axiomatic that a cause of action for an unconstitutional taking accrues at the time the taking occurs.") (citing Steel Improvement & Forge Co. v. United States, 174 Ct. Cl. 24, 29-30 (1966)). "[T]he proper focus for statute of limitations purposes is upon the time of the [defendant's] acts, not upon the time at which the consequences of the acts became most painful." Goodrich v. United States, 434 F.3d 1329, 1333 (Fed. Cir. 2006) (emphasis and alteration in original) (quoting Fallini, 56 F.3d at 1383). In determining when a claim first accrued, the court applies an objective standard. Fallini, 56 F.3d at 1380.

In the instant case, Plaintiffs filed their complaint on April 10, 2007. Thus, Plaintiffs' takings claim is barred by the applicable six-year statute of limitations unless Plaintiffs can

establish, by a preponderance of the evidence, that the claim did not accrue until on or after April 10, 2001.

**1. Plaintiffs' Takings Claim Accrued No Later Than 1847**

Plaintiffs allege that Jean Voisin, their predecessor-in-interest, acquired "the exclusive right" to Last Island on or about October 20, 1788. Compl. ¶¶ 1, 14. To determine when the statute of limitations for any alleged taking of Last Island occurred, the focus must be on the actions of the United States. See Goodrich, 434 F.3d at 1333.

Based on the facts alleged in Plaintiffs' complaint, which are not disputed for the purposes of this motion to dismiss, Plaintiffs' takings claim involving Last Island accrued no later than 1847, when "the United States Land Office in New Orleans began issuing patents for various lots of land on [Last Island] . . . to persons who desired to have a summer residence on the coast of the Gulf of Mexico, despite Congress's confirmation of the Voisin's claim to [Last Island]." Compl. ¶ 38. This issuance of patents represented the government's conveyance of title to portions of Last Island to other persons. Such an action is clearly inconsistent with the Plaintiffs' claim of ownership of this property. The issuance of patents for Last Island was thus sufficient to put Plaintiffs on notice of their claim against the United States. Accordingly, Plaintiffs' takings claim accrued no later than 1847.[5]

---

[5] Plaintiffs also allege that on March 2, 1849, Congress passed the Swamp Lands Grant Act, "which was intended 'to aid the State of Louisiana in draining the Swamp Lands therein.'" Compl. ¶ 54 (quoting 9 Stat. 352). Although this act purportedly did not extinguish Jean Joseph Voisin's right to Last Island, Compl. ¶ 54, "the State of Louisiana began taking over control of the majority of Last Island pursuant to the [federal] Swamp Lands Grant Act, and then sold or donated portions of the island to various individuals" in the 1850s. Compl. ¶ 56 (emphasis added); see also Compl. ¶ 1. Even if this action was a taking by the federal government, Plaintiff's claim would still be time-barred, having accrued over 150 years ago.

Because Plaintiffs' takings claim involving Last Island accrued no later than 1847, Plaintiffs were required to file their takings claim no later than 1853, which would have been six years after the latest accrual date of any alleged taking. See 28 U.S.C. § 2501. Plaintiffs, however, did not file their takings claim until April 10, 2007, which is more than 150 years after the statute of limitations had already run. Thus, Plaintiffs' takings claim has been time-barred for more than a century and a half.

Notably, Plaintiffs appear to acknowledge in their complaint that their takings claim first accrued more than 150 years ago. Plaintiffs assert in their complaint, "[t]he United States' failure to return Last Island to Plaintiffs for over one hundred and fifty years constitutes a taking of private property for public use." Compl. ¶ 82 (emphasis added). Thus, as pled by Plaintiffs, any alleged taking would have begun to accrue "over one hundred and fifty years" ago. Id. Because Plaintiffs filed their takings claim on April 10, 2007, more than "one hundred and fifty years" after their takings claim accrued, that claim is time-barred.

**2. Plaintiffs' Recent Inquiries Cannot Revive Their Time-Barred Claims**

Plaintiffs and their predecessors were aware, in the late 1840s and early 1850s, that the United States had issued patents to Last Island that conflicted with their claim of ownership to the Island. Plaintiffs' predecessors corresponded with the government at that time and were involved in litigation with the patent holders regarding the question of who owned the lands in question. For the reasons explained above, Plaintiffs' takings claim against the United States accrued during this time period, which was over 150 years ago.

Plaintiffs allege in their complaint that they again made inquiries with the government regarding their alleged interest in Last Island beginning in the late 1980s. However, the statute

of limitations on their claims had expired over 100 years earlier. These more recent inquiries cannot revive an otherwise time-barred claim.[6]

### D. The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claim for Declaratory Judgment

Plaintiffs' complaint also includes a declaratory judgment claim in which Plaintiffs are asking the Court to find that any acts "conveying, granting, or transferring title or patents to [Last Island] . . . to anyone other than Jean Voisin or his descendants are null and void" and that "the direct descendants of Jean Voisin are entitled to exclusive possession" of Last Island. Compl. ¶ 79. The Court must dismiss this claim because the Tucker Act does not confer jurisdiction on this Court to hear "every claim involving or invoking the Constitution, a federal statute, or a regulation. Rather, the Court of Federal Claims may only hear claims seeking primarily monetary relief against the United States government based upon 'money-mandating' provisions of the Constitution, acts of Congress, or executive regulations, to which the plaintiff alleges a specific entitlement." Stephenson v. United States, 58 Fed. Cl. 186, 192 (2003) (internal quotations and citation omitted) (emphasis in original). Claims for declaratory judgment do not fall within the scope of this Court's subject matter jurisdiction. See Tchakarski v. United States, 69 Fed. Cl. 218, 221 (2005). The Court of Federal Claims "does not have jurisdiction under the Declaratory Judgment Act. . . . Although the statute provides that 'any court of the United States' may render a declaratory judgment, the Act does not give jurisdiction

[6] Plaintiffs do not allege or assert any facts to support a claim that the six-year statute of limitations was subject to equitable tolling. The application of this narrow doctrine generally requires a claimant to "show that the defendant has concealed its acts with the result that the plaintiff was unaware of their existence or that the injury was inherently unknowable." Barney v. United States, 57 Fed. Cl. 76, 87-88 (2003); see also Martinez v. United States, 333 F.3d at 1319. Plaintiffs have not made any such assertions.

to the United States Court of Federal Claims to grant a declaratory judgment." Id. (citing 28 U.S.C. §§ 2201, et seq. and Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 717 (Fed. Cir. 1998)).

In the complaint, Plaintiffs seek declaratory judgment under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. Compl. ¶ 79. This Court lacks jurisdiction to hear such a claim. Thus, Plaintiffs' declaratory judgment claim must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

## IV. CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that the Court grant Defendant's motion to dismiss Plaintiffs' takings claim as time-barred under the applicable six-year statute of limitations, 28 U.S.C. § 2501, and pursuant to Rule 12(b)(1), or in the alternative Rule 12(b)(6), and Plaintiffs' declaratory judgment claim for lack of subject matter jurisdiction under Rule 12(b)(1).

Dated: June 11, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division

s/ HelenAnne Listerman
HELENANNE LISTERMAN
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
TEL (202) 305-0239
FAX (202) 305-0506
E-MAIL HelenAnne.Listerman@usdoj.gov