IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JAMES VOISIN, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 07-54-L |
| | ) | |
| v. | ) | Judge Lynn J. Bush |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO DISMISS**

RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division

HELENANNE LISTERMAN
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
TEL (202) 305-0239
FAX (202) 305-0506
E-MAIL HelenAnne.Listerman@usdoj.gov

Dated: September 4, 2007

# I. INTRODUCTION

On June 11, 2007, Defendant, the United States of America, moved to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction under Rules 12(b)(1) and 12(h)(3) of the Court of Federal Claims ("RCFC"), or, in the alternative, for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). Plaintiffs filed an opposition to the motion to dismiss on August 17, 2007.

The Court must dismiss the complaint in its entirety for two reasons. First, Plaintiffs' takings claim accrued more than six years prior to the filing of the complaint; thus, the takings claim is barred by the applicable statute of limitations, 28 U.S.C. § 2501. Although Plaintiffs urge the Court to apply equitable tolling to the statute of limitations in their opposition brief, equitable tolling never has been held to apply to Tucker Act claims. Moreover, even if equitable tolling could be applied to section 2501, Plaintiffs cannot state any facts that would warrant its application here. Second, as Plaintiffs concede in their opposition brief, their declaratory judgment claim is not properly before this Court and therefore must be dismissed.

# II. ARGUMENT

## A. Plaintiffs' Claims Are Barred by the Statute of Limitations, 28 U.S.C. § 2501

As prescribed by 28 U.S.C. § 2501, a six-year statute of limitations applies to actions brought under the Tucker Act, 28 U.S.C. § 1491(a)(1). That statute provides: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon if filed within six years after such claim first accrues." 28 U.S.C. § 2501. The plaintiff bears the burden of establishing subject matter jurisdiction, which must be done by a preponderance of the evidence. Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936));

Entines v. United States, 39 Fed. Cl. 673, 678 (1997) ("Plaintiff bears the burden of establishing all jurisdictional requirements, including compliance with the six-year statute of limitations, and must do so by a preponderance of the evidence.").

Here, Plaintiffs' takings claim accrued no later than 1847. Def.'s Mot. to Dismiss at 8-12. Because Plaintiffs' takings claim accrued more than six years prior to the filing of the complaint, it is barred by the applicable statute of limitations, 28 U.S.C. § 2501. In their opposition brief, Plaintiffs do not dispute this accrual date. Instead, Plaintiffs ask the Court to apply equitable tolling to the statute of limitations. However, as explained below, neither the law nor the facts warrant application of equitable tolling in this case.

"[E]quitable tolling against the federal government is a narrow doctrine," which is applied sparingly. DuMarce v. Scarlett, 446 F.3d 1294, 1304-05 (Fed. Cir. 2006). In fact, the United States Court of Appeals for the Federal Circuit has never held that equitable tolling applies with respect to the general statute of limitations for Tucker Act claims, 28 U.S.C. § 2501. See Martinez v. United States, 333 F.3d 1295, 1318 (Fed. Cir. 2003) (en banc); Frazer v. United States, 288 F.3d 1347, 1352 (Fed. Cir. 2002).[1] Certain statutes, such as section 2501, set "forth explicit exceptions to its basic time limits, and those very specific exceptions do not include 'equitable tolling'"; as such, the Court of Federal Claims does not have the authority to toll the statute of limitations under that section. United States v. Brockamp, 519 U.S. 347, 351-52 (1997); see also Brice v. Sec'y of Health & Human Servs., 240 F.3d 1367, 1373 (Fed. Cir. 2001) ("When an Act includes specific exceptions to a limitations period, we are not inclined to create

[1]Curiously, Plaintiffs make no reference in their opposition brief to these precedents. Indeed no precedent binding on this Court that addresses 28 U.S.C. § 2501 is cited by Plaintiffs.

other exceptions not specified by Congress."), cert. denied, Brice v. Thompson, 534 U.S. 1040 (2001); Marcinkowski v. United States, 206 F.3d 1419, 1421-22 (Fed. Cir. 2000) (applied to a tax statute of limitations); RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1462 (Fed. Cir. 1998) (a method for extending the statute of limitations in the statute "strongly implies that there are no other exceptions to the statutory period"); cf. Bailey v. West, 160 F.3d 1360, 1365-66 (Fed. Cir. 1998) (finding equitable tolling, in part, because the statute did "not provide its own exceptions to the general rule" and the limitations period was triggered by a fixed "mailing date" and not when knowledge of a claim occurred). Thus, as these cases illustrate, Congress intended to exempt 28 U.S.C § 2501 from equitable tolling.

To invoke equitable tolling against the government, a plaintiff must show either "that defendant has concealed its acts with the result that plaintiff was unaware of their existence or it must show that its injury was 'inherently unknowable' at the accrual date." Alliance of Descendants of Texas Land Grants v. United States, 37 F.3d 1478, 1482 (Fed. Cir. 1994) (quoting Japanese War Notes Claimants Ass'n of the Philippines, Inc. v. United States, 373 F.2d 356, 359 (Ct. Cl. 1967), cert. denied, 389 U.S. 971 (1967)); Hair v. United States, 52 Fed. Cl. 279, 282 (2002), aff'd 350 F.3d 1253 (Fed. Cir. 2003).

Plaintiffs do not suggest any fact that would warrant application of equitable tolling in this case. Rather, Plaintiffs argue three novel bases for tolling the statute of limitations: (1) "the government has received repeated claims for compensation and to otherwise resolve this land title dispute, but it has failed to take any final action for more than 150 years" (Pls.' Resp. at 8); (2) "[s]ince plaintiffs seek to recover the value of this land that was fraudulently obtained, the Court of Federal Claims' limitation period should not be used to preclude relief that would

otherwise be available to plaintiffs" (Pls.' Resp. at 9); and (3) "the United States' continued and repeated refusal to recognize the Voisin family as the rightful owners of Land [sic] Island should be considered a continuing wrong warranting the equitable tolling of the statute of limitations period" (Pls.' Resp. at 10). As explained below, each of these arguments is without merit.

### 1. The Government's Alleged Failure to Take Any "Final Action" Does Not Equitably Toll the Statute of Limitations

Plaintiffs argue, in a cursory manner, that "the government has received repeated claims for compensation and to otherwise resolve this land title dispute, but it has failed to take any final action for more than 150 years." Pls.' Resp. at 8. As such, "[t]he United States' failure to resolve this dispute for over 150 years should result in the equitable tolling of the statute of limitations set forth in 28 U.S.C. § 2501." Id. Plaintiffs' argument is not supported by the alleged facts or by the law; thus, this argument must be rejected.

As alleged in the complaint, Plaintiffs' predecessors-in-interest were aware, in the late 1840s and early 1850s, that the United States had issued patents to Last Island that conflicted with their claim of ownership to the Island. Compl. ¶¶ 38-56. Plaintiffs' predecessors-in-interest corresponded with the government at that time and were even involved in litigation with the patent holders regarding the issue of who owned the lands in question. Compl. ¶¶ 38-56. After 1856, however, the lawsuits involving title to Last Island "did not proceed any further, resulting in no judgments either for or against the Voisin family." Compl. ¶ 53. Moreover, Plaintiffs have not alleged that their predecessors-in-interest made any other inquires to the government about Last Island after the 1850s. Compl. ¶¶ 38-56. As alleged in the complaint, it was not again until "the late 1980's [that] various members of the Voisin family . . . inquired unsuccessfully into the validity of their family's title claim to Last Island, Louisiana." Compl. ¶

57. Plaintiffs' inquiries with the government regarding their alleged interest in Last Island began more than 100 years after their predecessors-in-interest last sought to resolve issues concerning the status of the land. Compl. ¶¶ 57-64. At the time of Plaintiffs' inquiries, however, the statute of limitations on their claims had expired more than 100 years earlier.

As Defendant argued in its motion to dismiss, Plaintiffs' more recent inquiries cannot revive an otherwise time-barred claim. Def.'s Mot. to Dismiss at 11-12. Nor have Plaintiffs cited to any authority to support that this passage of time – from the date the alleged taking accrued, i.e., 1847, to the date when Plaintiffs began inquiring about their interests in Last Island, i.e., the late 1980s – should be equitably tolled. As noted above, there are only two circumstances when the equitable tolling to the statute of limitations in a takings action could even conceivably be appropriate: (1) when the government has prejudicially concealed facts; or (2) when a plaintiff's claims were inherently unknowable at the accrual date. See Alliance of Descendants, 37 F.3d at 1482. Neither of these circumstances has been alleged by Plaintiffs.

In an effort to support their so-called "final action" argument, Plaintiffs cite to Dow Chemical Company v. United States, 32 Fed. Cl. 11 (1994), a patent infringement case. In that case, the parties filed "cross motions for summary judgment on whether the statute of limitations bars plaintiff's claims." Id. at 20. The court acknowledged that "[t]wo statutes govern the time limit within which suit must be filed against the government for patent infringement": 28 U.S.C. § 2501 and 35 U.S.C. § 286. Id. As the court specifically recognized, a tolling provision exists within 35 U.S.C. § 286, which states, in part:

> In the case of claims against the United States Government for use of a patented invention, the period before bringing suit, up to six years, between the date of receipt of a written claim for compensation by the department or agency . . . having authority to

> settle such claim, and the date of mailing by the Government of a notice to the claimant that his claim has been denied shall not be counted as part of the period referred to in the preceding paragraph.

Id. (emphasis added).

Based on the tolling provision in 35 U.S.C. § 286, the court determined that the plaintiff's patent infringement claim was not time barred. Id. 20-21. The tolling occurred under the patent infringement statute – not under 28 U.S.C. § 2501. Id. More importantly, the court in Dow did not find that the plaintiff's claims were equitably tolled, but rather that the claims were tolled by the express language found in 35 U.S.C. § 286. Id.

Unlike the patent infringement claim being brought in Dow, the takings claim brought by Plaintiffs in this case does not implicate 35 U.S.C. § 286. In their opposition brief, Plaintiffs' stated:

> Referencing the six-year period for patent infringements in 35 U.S.C. § 286, [the court in Dow] held that the limitations period in 28 U.S.C. § 2501 should be tolled from the time that "the government receives 'a written claim for compensation' by the claimant that is sufficiently detailed so as to provide the government a realistic opportunity to consider and settle the claim" until the government makes a final decision on a patent infringement.

Pls.' Resp. at 8 (quoting Dow, 32 Fed. Cl. at 20). Plaintiffs' interpretation of Dow, however, is incorrect. What the court in Dow actually stated was: "Tolling under 35 U.S.C. § 286 begins once the government receives 'a written claim for compensation' by the claimant that is sufficiently detailed so as to provide the government a realistic opportunity to consider and settle the claim." Dow, 32 Fed. Cl. at 20. The court quoted directly from 35 U.S.C. § 286, a statute that addresses only the time limitations for recovery of patent infringement claims. The court

did not determine – either explicitly or implicitly – that such a tolling provision is part of or somehow applies to 28 U.S.C. § 2501.

Dow, which is not binding on this Court, has never been cited by any court for the proposition that section 2501 may be equitably tolled, and it should not be so applied here. Indeed, Plaintiffs have failed to cite any authority that recognizes equitable tolling under 28 U.S.C. § 2501. Simply put, Plaintiffs' so-called "final action" argument for equitable tolling must be rejected.

**2. Plaintiffs' Effort to Recover Land That Was Allegedly Obtained Fraudulently Does Not Equitably Toll the Statute of Limitations**

Plaintiffs argue, in a perfunctory way, that "[s]ince plaintiffs seek to recover the value of this land that was fraudulently obtained, the Court of Federal Claims' limitation period should not be used to preclude relief that would otherwise be available to plaintiffs." Pls.' Resp. at 9. Once again, this purported ground does not fall within either of the two narrow circumstances for the possible equitable tolling to the statute of limitations in a takings case. See Alliance of Descendants, 37 F.3d at 1482. Additionally, in their opposition brief, Plaintiffs once again cite to case law that does not support their argument for equitable tolling.

Of the three cases cited by Plaintiffs to support this argument – United States v. Whited & Wheless, Ltd., 246 U.S. 552 (1918); Capron v. Van Horn, 258 P. 77 (Cal. 1927); and Izaak Walton League of America v. Herbst, 497 F.2d 849 (8th Cir. 1974) – none implicate 28 U.S.C. § 2501. Instead, all of these cases involve the statute of limitations for actions to annul patents under the Act of March 3, 1891, which has been codified as 43 U.S.C. § 1166. Thus, Plaintiffs' reliance on these cases is unfounded.

Here, Plaintiffs brought a claim under the Takings Clause of the Fifth Amendment. Compl. ¶¶ 80-84. Although this Court has subject matter jurisdiction over takings claims under the Tucker Act, 28 U.S.C. § 1491(a)(1), it cannot exercise that jurisdiction unless the claim is filed within the applicable six-year statute of limitations period. As prescribed by 28 U.S.C. § 2501, a six-year statute of limitations applies to actions brought under the Tucker Act, 28 U.S.C. § 1491(a)(1). No other statute governs the statute of limitations of a takings case. Accordingly, Plaintiffs' reliance on 43 U.S.C. § 1166 is misplaced, and this ground for equitable tolling must be rejected.

### 3. The Government's Alleged "Continuing Wrong" Does Not Equitably Toll the Statute of Limitations

Plaintiffs assert that "the United States' continued and repeated refusal to recognize the Voisin family as the rightful owners of Land [sic] Island should be considered a continuing wrong warranting the equitable tolling of the statute of limitations period." Pls.' Resp. at 10. Not only do Plaintiffs fail to cite any authority that supports their contention that "the United States' continued and repeated refusal to recognize the Voisin family as the rightful owners of" Last Island would even constitute a "continuing wrong," but Plaintiffs fail to show that the "continuing wrong" tolling argument could even be applied to section 2501.

In the one case Plaintiffs cite, Sisseton-Wahpeton Sioux Tribe v. United States, 895 F.2d 588 (9th Cir. 1990), the plaintiffs, several Native American tribes, "brought suit in 1987 to challenge the 1972 law that established the system for distributing a judgment [to members of the tribes] entered by the Indian Claims Commission in 1967." Id. at 590. The Ninth Circuit affirmed the district court's dismissal of the case on statute of limitations grounds under 28 U.S.C. § 2401(a). Id. at 590-91. The plaintiffs had argued that the statute of limitations should

be tolled because, inter alia, "their claims assert continuing wrongs, and that a claim to redress such violations will be deemed to have accrued on the date of the last wrongful act." Id. at 597. The Ninth Circuit disagreed. Id. Although the plaintiffs had alleged that "the [government's] certification of an improper [membership] roll in 1987 was just another in a series of bad acts done by the government against the [plaintiffs]," the Ninth Circuit found that the government's alleged wrongful acts did "not constitute a 'continuing wrong' for statute of limitations purposes." Id. Instead, the Court stated that "'[c]ontinuing wrongs' . . . are repeated instances or continuing acts of the same nature, as for instance, repeated acts of sexual harassment or repeated discriminatory employment practices." Id. Thus, this argument fails as well.[2]

Simply put, there is no evidence in the present case to justify – nor does the case law allow for – the doctrine of equitable tolling to apply to Plaintiffs' claims.

### B. The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claim for Declaratory Judgment

In the complaint, Plaintiffs seek declaratory judgment under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. Compl. ¶ 79. As Plaintiffs concede in their opposition brief, this Court lacks jurisdiction to hear such a claim. Thus, Plaintiffs' declaratory judgment claim must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

---

[2]To the extent that Plaintiffs are referring to the "continuing claim" doctrine, this doctrine has never been applied to a Fifth Amendment takings case. See Boling v. United States, 220 F.3d 1365, 1373 (Fed. Cir. 2000) ("Nevertheless, we agree with the Court of Federal Claims and decline the plaintiffs' invitation to extend the continuing claims doctrine into environmental takings.").

## III. CONCLUSION

For the reasons set forth in Defendant's motion to dismiss and in this reply brief, Defendant respectfully requests that the Court grant Defendant's motion to dismiss Plaintiffs' takings claim as time-barred under the applicable six-year statute of limitations, 28 U.S.C. § 2501, and pursuant to Rule 12(b)(1), or in the alternative Rule 12(b)(6), and Plaintiffs' declaratory judgment claim for lack of subject matter jurisdiction under Rule 12(b)(1).

Dated: September 4, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division

s/ HelenAnne Listerman
HELENANNE LISTERMAN
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
TEL (202) 305-0239
FAX (202) 305-0506
E-MAIL HelenAnne.Listerman@usdoj.gov